## CARL A. SHELLBERG v. J. P. KUHN.

(160 N. W. 504.)

- **Evidence — trial court — rulings — instructions — admission of evidence.**

    For the reasons stated in the opinion, certain rulings on the admission of evidence are sustained, and certain instructions are held proper or nonprejudicial.

Opinion filed November 14, 1916.   Rehearing denied December 21, 1916.

From a judgment of the District Court of Traill County, *Pollock, J.*, plaintiff appeals.

Affirmed.

*Pfeffer & Pfeffer,* for appellant.

Declarations, incompetent as hearsay, are not rendered admissible because they may tend to corroborate other testimony.   Holt v. Johnson, 129 N. C. 138, 39 S. E. 796; First Nat. Bank v. Holland, 99 Va. 495, 55 L.R.A. 155, 86 Am. St. Rep. 898, 39 S. E. 129.

Neither is competent the declaration of a stranger to the effect that a statement shown to have been made by a witness in his presence, to corroborate the witness.   Pegram v. Seaboard Air Line R. Co. 139 N. C. 303, 51 S. E. 975, 4 Ann. Cas. 214; Vermillion v. LeClare, 89 Mo. App. 55.

The rigor with which the rule excluding hearsay has been adhered to under the common-law system is no doubt due in part to the jealous preservation of the right of trial by jury.   Jones, Ev. 2d ed. p. 374; Reagan v. McKibben, 11 S. D. 270, 76 N. W. 943, 19 Mor. Min. Rep. 556.

"Witnesses should be permitted to testify to facts only, and not to any conclusions they may deduce from the facts, except in the case of experts."   Illinois Steel Co. v. McNulty, 105 Ill. App. 594.

Neither is the opinion of the witness admissible when all the facts are capable of being clearly established, so that the jury can draw their own conclusions.   Sumner v. Sumner, 118 Ga. 590, 45 S. E. 509; Munson v. Farwell, 16 Ill. App. 365; Hicks v. Williams, 112 Iowa, 691, 84 N. W. 935; State v. Musgrave, 43 W. Va. 672, 28 S. E. 813; Smith v. Castle, 81 App. Div. 638, 81 N. Y. Supp. 18; Veum v.

Sheeran, 88 Minn. 257, 92 N. W. 965; Zube v. Weber, 67 Mich. 52, 34 N. W. 264; Eagle Mfg. Co. v. Jennings, 29 Kan. 657, 44 Am. Rep. 668.

In an action for commissions for selling lands, the purchaser cannot testify who induced him to make the purchase. The question calls for a conclusion. Jenkins v. Beachy, 71 Kan. 857, 80 Pac. 947; Robins v. Legg, 80 Minn. 419, 83 N. W. 379; University of Chicago v. Emmert, 108 Iowa, 500, 79 N. W. 285.

The evidence should be strictly confined to the matters in issue. Jones, Ev. 2d ed. pp. 151, 157; Best, Ev. 10th ed. § 251; 1 Taylor, Ev. 10th ed. § 317.

The preponderance of the evidence means that the testimony which points to a certain conclusion appears to the trior of facts to be more credible than testimony to the contrary. Short v. Bohle, 64 Mo. App. 242; McKee v. Verdin, 96 Mo. App. 208, 70 S. W. 154; Union P. R. Co. v. Estes, 37 Kan. 715, 16 Pac. 131; San Antonio & A. P. R. Co. v. Manning, 20 Tex. Civ. App. 504, 50 S. W. 177; Atchison, T. & S. F. R. Co. v. Retford, 18 Kan. 245; Pelitier v. Chicago, St. P. M. & O. R. Co. 88 Wis. 521, 60 N. W. 250; McCarthy v. Birmingham, 2 Neb. (Unof.) 724, 89 N. W. 1003; North Chicago Street R. Co. v. Fitzgibbons, 180 Ill. 466, 54 N. E. 483; Clayton v. Keeler, 18 Misc. 488, 42 N. Y. Supp. 1051; Northern P. R. Co. v. Holmes, 3 Wash. Terr. 543, 18 Pac. 76; West Chicago Street R. Co. v. Lieserowitz, 197 Ill. 607, 64 N. E. 718; Harris v. Perkins, — Miss. —, 25 So. 154; Story v. Maclay, 6 Mont. 492, 13 Pac. 198; Pelitier v. Chicago, St. P. M. & O. R. Co. 88 Wis. 521, 60 N. W. 250; Strand v. Chicago & W. M. R. Co. 67 Mich. 380, 34 N. W. 712, 4 Am. Neg. Cas. 70; Holmes v. Horn, 120 Ill. App. 362.

To authorize a jury to accept or reject any part of the evidence depends upon whether they believe it to be true or untrue, and not whether they believe the same to be just and right. Hall v. State, 134 Ala. 90, 32 So. 750; Hyde v. Shank, 77 Mich. 517, 43 N. W. 890; Lancashire Ins. Co. v. Stanley, 70 Ark. 1, 62 S. W. 66.

An instruction which gives the jury an intangible and unwarranted license is misleading. Sherman v. Menominee River Lumber Co. 77 Wis. 14, 45 N. W. 1079.

In case of an open, mutual, and current account, the cause of action

35 N. D.—29.

to recover the balance is deemed to accrue at the date of the lost item proved. The limitation statute begins to run from such date. 25 Cyc. 1064; Washington v. Timberlake, 74 Ala. 259; Harwell v. Steele, 17 Ala. 372; Saulsbury v. Iverson, 73 Ga. 733; Finney v. Brumby, 64 Ga. 510; Lee v. Lee, 31 Ga. 26, 76 Am. Dec. 681; Gilchrist v. Williams, 3 A. K. Marsh. 235, 3 Bibb, 49; Nason v. McCulloch, 31 Me. 158; Tyler v. Boyce, 135 Mass. 558; Nolin v. Blackwell, 31 N. J. L. 170, 86 Am. Dec. 206; Dieffenbach v. Roch, 112 N. Y. 621, 2 L.R.A. 829, 20 N. E. 560; Ruggles v. Keeler, 3 Johns. 263, 3 Am. Dec. 482; McClure v. Johnson, 10 Okla. 663, 65 Pac. 103; Taylor v. Gould, 57 Pa. 152.

Jurors generally understand that the burden of proof is on the plaintiff in all cases, and it is reversible error to refuse to instruct them in a case involving that question, when, and under what conditions, the burden shifts to defendant. Stevens v. Pendleton, 94 Mich. 405, 53 N. W. 1108; 16 Cyc. 931; O'Neal v. Curry, 134 Ala. 216, 32 So. 697; Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28; Wetherell v. Holister, 73 Conn. 622, 48 Atl. 826; East v. Crow, 70 Ill. 91; Gile v. Sawtelle, 94 Me. 46, 46 Atl. 786; Broaders v. Toomey, 9 Allen, 65; Blum v. Versteeh Grant Shoe Co. 77 Mo. App. 567; Belshaw v. Colie, 1 E. D. Smith, 213; Plattner v. Weiler, 26 Misc. 813, 57 N. Y. Supp. 98; Davis-Colby Ore Roaster Co. v. Rogers, 191 Pa. 229, 43 Atl. 567.

"Where a trial judge by his remarks minimizes the evidence of a witness, and states as a fact a matter which is in dispute, he commits error." Belt R. Co. v. Confrey, 111 Ill. App. 473; Whitelaw v. Whitelaw, 83 Va. 40, 1 S. E. 407.

"An instruction which assumes facts to have been proved, when there is conflicting evidence in relation thereto, is properly refused." Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711; Young v. Harris, 4 Dak. 367, 32 N. W. 97.

*F. W. Ames,* for respondent.

"It seems to be generally held that where there are distinct counts or causes of action, and cross-complaints and counterclaims, all tried in the same case, a new trial may be granted as to a part only and denied as to the others. Such causes of action and counterclaims must be distinct and independent of each other, otherwise a new trial will not be

granted·as to part only." Spawn v. South Dakota C. R. Co. 26 S. D. 1, 127 N. W. 648, Ann. Cas. 1912D, 979; 29 Cyc. 734, and cases cited; 4 C. J. 1180, §§ 3214–3215.

The verdict has ample support in the evidence, and is binding upon the appellate court. Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Bergh v. John Wyman Farm Land & Loan Co. 30 N. D. 158, 152 N. W. 281; Akin v. Johnson, 28 N. D. 205, 148 N. W. 535; Taute v. J. I. Case Threshing Mach. Co. 25 N. D. 102, 141 N. W. 134, 4 N. C. C. A. 365; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011 and cases cited; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397; Rickell v. Sherman, 34 N. D. 298, 158 N. W. 266.

The rule is that the plaintiff must present the greater weight of evidence, which is called a preponderance. Buchanan v. Occident Elevator Co. 33 N. D. 346, 157 N. W. 122; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 266.

The very theory upon which the statute on mutual accounts is based is that the credits are mutual; that the account is permitted to run with the view of ultimate adjustment by settlement and payment of the balance. Millett v. Bradbury, 109 Cal. 170, 41 Pac. 865.

In the case here, some of the items are matters of tort. Some are contractual,—all disconnected. Ibid.; Norton v. Larco, 30 Cal. 127, 89 Am. Dec. 70; Adams v. Patterson, 35 Cal. 122.

The rule of damages where personal property has no market value, such as second-hand goods, wagons, etc., is generally that its value is to be ascertained from such elements as are ascertainable. McMahon v. Dubuque, 107 Iowa, 62, 70 Am. St. Rep. 143, 77 N. W. 517, 5 Am. Neg. Rep. 147 and cases cited; 13 Cyc. 148.

While ·it is incumbent on the plaintiff to show that money is paid at the request of defendant, it is not necessary to show an express request. Holbrook v. Clapp, 165 Mass. 563, 43 N. E. 508.

Where an instruction is correct as far as it goes, error cannot be assigned on the ground that it was not sufficiently full and explicit, in the absence of a request for more specific instructions. Zilke v. Johnson, 22 N. D. 75, 132 N. W. 640, Ann. Cas. 1913E, 1005; 4 C. J. 918, § 2890; Seckerson v. Sinclair, 24 N. D. 625, 140 N. W. 239; Huffman v. Bosworth, 25 N. D. 22, 140 N. W. 672.

CHRISTIANSON, J.  This action was tried to a jury in the district court of Traill county, and resulted in a verdict for the defendant.  Judgment was entered pursuant to the verdict, and plaintiff appeals from the judgment.

In his complaint, plaintiff sets forth ten causes of action against the defendant.  The first cause of action is for the value of 226 bushels of barley at 65 cents per bushel, alleged to have been sold on or about November 26, 1906; the second cause of action for 8 bushels of barley alleged to have been sold and delivered to defendant by the plaintiff on or about July 10, 1907; the third cause of action for the cost of repairing a certain wagon wheel upon a wagon loaned to the defendant by the plaintiff during October, 1906, of the value of $4.50; the fourth cause of action for certain repairs for a cream separator and drill of the value of $2.35, bought by the plaintiff for the defendant in April, 1907; the fifth cause of action for the injury to a certain wagon pole and double-tree on a wagon belonging to the plaintiff in the fall of 1907, of the value of $7.75; the sixth cause of action for 2½ tons of hay sold by the plaintiff to the defendant in June, 1906, of the value of $16.25; the seventh cause of action for the value of a certain cook car of the value of $20, alleged to have been converted by the defendant during July, 1906; the eighth cause of action for certain labor performed by the plaintiff for the defendant during the years 1906 and 1907, amounting to $89; the ninth cause of action for the use of a certain bundle wagon furnished by the plaintiff to the defendant during 1907, amounting to $15; the tenth cause of action for $4.50 for injury to the reach and side boards of a certain wagon loaned by the plaintiff to the defendant in October, 1907.

Defendant's answer alleges that the first cause of action is barred by the Statute of Limitations, denies all the allegations of plaintiff's second cause of action, and denies the allegations of plaintiff's third, fifth, and ninth causes of action, except that defendant alleges that all of said causes of action relate to the same wagon, and that said wagon was worth not to exceed $10, in the fall of 1906; that defendant used said wagon with the consent of the plaintiff during the falls of 1906 and 1907; that the wagon was worn and old and did break down, and that the defendant paid to one Clefstad, a blacksmith in Hillsboro, $12 for repairing the same and cutting down the wheels to make said wagon into

a truck wagon. In answer to the fourth cause of action, the defendant denies that plaintiff furnished any repairs for the drill, and alleges that the plaintiff presented to him the repairs for the cream separator of the value of 25 cents. In answer to the sixth cause of action, plaintiff denies that he purchased 2 tons of hay, and alleges that he bought 1 ton of hay from the defendant of the value of $5; and a further defense alleges payment and the bar of the Statute of Limitations. In answer to the seventh cause of action, defendant denies that plaintiff was the owner of the cook car. In answer to the eighth cause of action, plaintiff interposes a general denial and the plea of the Statute of Limitations. Defendant also alleges as a counterclaim that in 1907 he threshed for the plaintiff for two days for which plaintiff agreed to pay $25 per day, or $50 in all, and that plaintiff thereafter delivered to defendant $142\frac{6}{7}$ bushels of barley at the agreed price of 35 cents per bushel. For a second counterclaim defendant alleges that in October, 1906, he furnished plaintiff labor at the agreed price of $15, which has not been paid. For a third defense and counterclaim, defendant alleges that in April, 1907, he sold and delivered to the plaintiff, at his request, one drill at the agreed price of $10. For a fourth counterclaim, defendant alleges that he was the owner of the cook car referred to in plaintiff's complaint, and that he loaned the same to the plaintiff, who used it for a period of two years, and that the value of such use was $10. Defendant further alleges that in October, 1906, one Richard Manger, who was then indebted to plaintiff in the sum of $30.68, paid this amount to defendant, and that defendant gave plaintiff credit for that amount upon the indebtedness owing by the defendant to the plaintiff: that defendant subsequently presented an account (which account contained no charge for the use of the cook car) to the plaintiff, showing that defendant was indebted to plaintiff in the sum of $6.32, to which account defendant made no objection. In his reply plaintiff admits that plaintiff's sixth cause of action is barred by the Statute of Limitations, and admits the allegations contained in defendant's third counterclaim, interposes the plea of the Statute of Limitations to the defendant's second counterclaim, and denies the other allegations of new matter contained in the answer.

The evidence shows that the defendant owned and operated a threshing machine; that during the falls of 1906 and 1907 he threshed for the

plaintiff; and that plaintiff furnished some labor and teams for the operation of said threshing machine during both falls. The evidence also shows that during both falls the defendant threshed for other neighbors, among others, one Richard Manger, and that the plaintiff furnished teams and performed labor in the threshing of Manger's crop during both falls. The plaintiff testified that he sold and delivered to the defendant the barley mentioned in the first and second causes of action; that no price was fixed therefor, but that the defendant agreed to pay for the same whatever price plaintiff should receive for the remainder of his barley when he sold the same in the spring of 1907. The plaintiff also testified that he paid the defendant in full for threshing his grain during both 1906 and 1907, and that in such settlement the labor performed by the plaintiff and the teams furnished by him in threshing grain upon defendant's farm was adjusted. Plaintiff further testified that the defendant was indebted to him in the sum of $89, as alleged in the eighth cause of action, but that this amount was due for teams and labor furnished in threshing the grain upon Richard Manger's place; that plaintiff furnished such teams at defendant's request, and that defendant agreed to pay therefor. The defendant, on the other hand, testified positively that the barley which he received from the plaintiff in the fall of 1906 was received in part payment of the threshing bill which plaintiff owed him at that time. Defendant denied that he received any barley in the summer of 1907. Defendant admitted that the plaintiff furnished teams and performed labor in threshing Manger's grain, but denied positively that he either engaged plaintiff to do so or agreed to pay therefor. Defendant claimed that this was a matter between the plaintiff and Manger alone; that defendant merely furnished the threshing rig, and the man operating the rig itself (such as engineer, separatorman, etc.), and that the farmers for whom he threshed furnished their own teams and crews. The defendant further testified that Richard Manger had paid him $30.68 (which Manger owed to Shellberg), and that defendant had given plaintiff credit for this amount upon the threshing bill which plaintiff owed to defendant.

Plaintiff testified fully with respect to the labor performed and teams furnished in the threshing of Richard Manger's grain, giving the various days when this threshing was done. In testifying, plaintiff re-

ferred to certain memoranda. The defendant, when testifying with reference to this threshing, also referred to certain memoranda from which he stated the amount of time consumed in threshing Manger's grain in the falls of 1906 and 1907. They differed as to the length of such time.

Plaintiff assigns error upon the admission of the defendant's testimony relative to the credit given to the plaintiff for the $30.68 received by him from Richard Manger. It is contended that this was a statement made by one not a party to the suit, and therefore hearsay and inadmissible; and also that it constituted a conclusion on the part of the defendant as to the amount due to the plaintiff for the work performed for Manger. We are wholly unable to see any merit in appellant's contention. The plaintiff was permitted to testify fully with respect to the length of time consumed in threshing Manger's grain. He produced memoranda upon which he based his testimony. The defendant did exactly what plaintiff had already been permitted to do. The principal question at issue was whether defendant had engaged plaintiff to perform this work. On this there was a square conflict between the parties. The court in instructing the jury on this phase of the case said: "The theory of the plaintiff, Shellberg, is that he was performing service and furnishing his teams to Kuhn while this work, it is true, was done on the Manger farm and possibly for Manger ultimately, yet Shellberg claims that he performed those services at the instance and request of Kuhn, and therefore Kuhn is liable as an original payor; while upon the other hand Kuhn insists that if Shellberg did that work for Manger he was working for Manger, either by exchanging works or some other method for which Kuhn was not responsible at all. Now, I charge you, gentlemen of the jury, that as a matter of law if Kuhn became an original promisor to secure Shellberg to do the work for Manger, and that before the work was done promised to pay for it and thus put himself in the attitude of securing Shellberg to do the work for him Kuhn, then Kuhn would be responsible for the full amount of the value of such services as shown by the evidence. Whereas, upon the other hand, if you find that Shellberg was working for Manger and exchanging works with Manger, or had his deal with Manger, then Kuhn would not be liable under the evidence in this case, because there

is no evidence here which shows that he has by any written obligation agreed to become responsible for Manger's debt."

On this issue the jury found for the defendant. This being so, it was immaterial whether Richard Manger had paid over to defendant all the moneys which he actually owed to the plaintiff, or not, and it seems self-evident that the plaintiff can have no valid reason to complain because defendant gave him credit for the $30.68 which he (defendant) received from Manger.

Plaintiff also contended that the instruction above quoted is erroneous. In plaintiff's brief, it is said: "The only construction which the jury could have placed upon this instruction was that before defendant could be held liable he must have expressly promised to make payment. The trial court evidently disregarded the fact that in cases of this kind the law would imply a promise to pay."

Plaintiff's contention is utterly untenable. The question of an implied contract or obligation was not even suggested in this case. The plaintiff testified positively that the services for which he sought to recover had been performed,—not for the benefit of the defendant, but for the benefit of one Richard Manger. Plaintiff based his right to recover upon an express, and not upon an implied, contract. He said in effect: I performed these services for Richard Manger at the express request of the defendant, and he agreed to pay me therefor. How could the instructions regarding an implied obligation to pay for services be necessary or appropriate under these circumstances? A mere statement of the proposition demonstrates the unsoundness of plaintiff's contention. See Comptograph Co. v. Citizens Bank, 32 N. D. 59, 155 N. W. 680.

Plaintiff also contends that the court erred in instructing the jury as follows: "Now, generally speaking, may I tell you that the burden of proof falls upon the plaintiff in this case to show by a fair preponderance of the evidence the facts alleged by him. That is, he must produce the more evidence." Plaintiff asserts that this instruction led the jury to believe that preponderance of evidence meant the greater number of witnesses.

The instruction quoted, however, is not a complete instruction. The complete instruction was as follows: "Now, generally speaking, may I tell you that the burden of proof falls upon the plaintiff in this case

to show by a fair preponderance of the evidence the facts alleged by him. That is, he must produce the more evidence. The rule of law which applies in criminal cases, that the evidence must be so strong that it convinces you beyond a reasonable doubt, does not apply in a civil action. *The rule here is that the plaintiff, must present the greater weight of evidence, which we call preponderance."* We have repeatedly held that the instructions must be considered as a whole. McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261. When the instruction criticized is so considered, all foundation for appellant's argument disappears. It is inconceivable that reasonable, intelligent men could construe the same as plaintiff suggests.

In his instructions to the jury, the court withdrew from its consideration the plaintiff's claim for labor performed in 1906, on the ground that this was barred by the Statute of Limitations, which defense was properly pleaded in defendant's answer. Plaintiff's counsel assert this ruling as error. They say: "When there is a mutual, open, and current account consisting of reciprocal demands, the Statute of Limitations commences to run from the date of the last item proved by either party." There is no question about the correctness of plaintiff's statement of the rule of law applicable to actions brought upon accounts. This rule is announced by § 7379, Compiled Laws 1913, which reads as follows: "In an action brought to recover a balance due upon a mutual, open, and current account, when there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side."

The trouble, however, with plaintiff's contention is that the rule of law relied upon has no application to the facts in this case. In fact, plaintiff has not sought to recover upon account. He has seen fit to allege ten different causes of action arising out of different transactions. Some of the causes alleged sound in tort and some in contract. Plaintiff claims that in the fall of 1906 and in the fall of 1907, he made settlement with the defendant and paid him in full all claims which defendant had against the plaintiff. The indebtedness, according to plaintiff's contention, was all on one side of the ledger,—all owing from the defendant to the plaintiff. The very form of action which plaintiff has brought negatives any idea on his part "to recover a balance due upon a mutual, open, and current account." See 25 Cyc. 1118 et seq.

Certain errors are also assigned upon the court's failure to instruct. No request for instructions was submitted by the plaintiff, and the instructions given were not so incomplete as to mislead the jury. Consequently, plaintiff's assignment is without merit. If he desired more complete instructions he should have so requested. McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261.

Other assignments of error are predicated upon rulings in the admission of evidence and the instructions to the jury. Some of the errors so assigned are dependent upon those already discussed. Others have no real existence, and cannot be said to fairly arise upon the record in this case. All of the errors so assigned are obviously without merit. We find no error which would justify us in directing a reversal.

The judgment appealed from must therefore be affirmed. It is so ordered.